United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40060
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ROCHA, also known as Javier Anselmo Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1204-ALL
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Rocha, also known as Javier Anselmo Hernandez, appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court erred when it sentenced Rocha pursuant to a mandatory Guidelines system.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  This error was more like that experienced by the other respondent in Booker, Ducan Fanfan.  See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).  Because Rocha preserved his Fanfan challenge in the district court by raising an objection based on Blakely v. Washington, 542 U.S. 296 (2004), we review for harmless error.  United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Rocha differently under an advisory Guidelines system.  See id. at 464.

The mere fact that the district court sentenced Rocha to the middle of the applicable Guidelines range, standing alone, fails to satisfy the Government's burden of proving harmless error beyond a reasonable doubt.  See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005) (Booker error).  Further, the sentencing transcript is silent with regard to whether the district court would have applied the same sentence had the Guidelines been advisory rather than mandatory.  Therefore, the Government has failed to carry its burden of showing beyond a reasonable doubt that the error did not affect Rocha's sentence.

See id.  We therefore vacate Rocha's sentence and remand the case for resentencing.

Rocha also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Rocha's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rocha contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Rocha properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.